**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ASYLBEK NURMATOV,

*Petitioner*,

v. No. 2:26-cv-00632-SMD-GJF

MARKWAYNE MULLIN, *et al*.,

*Respondents*.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Asylbek Nurmatov's Petition for Writ of Habeas Corpus ("Petition"), filed on March 2, 2026. Doc. 1. Petitioner is a native of Kyrgyzstan who entered the United States on or about June 11, 2023. Doc. 1 ¶ 12; Doc. 6 at 1. He subsequently filed a Form I-589 application for asylum, withholding of removal, and protection under the Convention Against Torture with U.S. Citizenship and Immigration Services ("USCIS"). Doc. 1 ¶ 13. Petitioner also alleges that he received employment authorization. *Id.*

Petitioner was scheduled to check in at the Immigration and Customs Enforcement ("ICE") office in Minnesota. *Id.* ¶ 14. Upon his arrival, ICE arrested him, held him in a holding area, and ultimately transferred him to New Mexico. *Id.* Petitioner challenges his detention as violating his substantive and procedural due process rights under the Fifth Amendment and the Administrative Procedure Act. *Id.* ¶ 20–26.

On February 10, 2026, Petitioner received a custody redetermination hearing. *See* Doc. 6-1. The immigration judge denied bond, finding that Petitioner posed a flight risk based on his lack of ties to the United States, his sponsor's limited financial means, and credibility concerns arising from inconsistent descriptions of his relationship with the sponsor. Specifically, Petitioner

identified the sponsor as his first cousin, while the sponsor's letter stated that she was just a family friend. *Id.* at 1.

On March 18, 2026, Respondents filed a motion to dismiss the Petition, arguing that 8 U.S.C. § 1226(e) deprives this Court of jurisdiction to review "discretionary judgment[s] regarding the application of [§ 1226]." Doc. 6 at 2. Respondents contend that bond determinations under § 1226 are not subject to judicial review and that, even if they were, the Court should be hesitant to impose its own judgements or views on bond upon the U.S. Immigration Court. *Id.*

On August 11, 2026, Petitioner moved to supplement the record and notify the Court of material developments. Doc. 7. An immigration judge denied Petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture and ordered his removal. *See id.* at 8–12. Petitioner appealed that decision to the Board of Immigration Appeals ("BIA"), where it remains pending.[1] Petitioner also filed a motion for stay of removal pending appeal. Doc. 8.

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

---

[1] Executive Office for Immigration Review: https://acis.eoir.justice.gov/en/caseinformation [ https://perma.cc/LQ26-SEMD] (last visited November 9, 2026 using Petitioner's A-number and nationality).

## DISCUSSION

This Court has jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). A district court may grant a writ of habeas corpus to a petitioner who demonstrates that "[h]e is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3).

The Court, however, lacks jurisdiction to consider Petitioner's motion for stay of removal pending appeal. *See Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (explaining that district courts lack jurisdiction to review removal orders, hear challenges to removal orders, or stay removal orders).

I. <u>This Court Has Subject Matter Jurisdiction to Review the Merits of the Petition.</u>

Respondents argue that 8 U.S.C. § 1226(e) deprives the Court of jurisdiction to review the immigration judge's bond determination. *See* Doc. 6 at 2. Respondents also contend that Petitioner did not exhaust his administrative remedies because he failed to appeal the bond determination to the BIA. *Id.*

Petitioner does not ask the Court to review or override the immigration judge's bond determination. Rather, he notes that his Notice to Appear classifies him as an "arriving alien" and that immigration judges lack jurisdiction to redetermine the custody of "arriving aliens" through bond hearing. Doc. 1 at 4 (citing 8 C.F.R. § 1003.19(h)(2)(i)(B)). Petitioner instead challenges the increasingly prolonged and unreasonable duration of his detention. Section 1226(e) does not bar courts from reviewing constitutional challenges, as are raised in the Petition. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Ayyad, v. Warden*, No. 1:26-CV-02858-MIS-JMR, 2026 WL 2906501, at *2 (D.N.M. Sept. 28, 2026).

Respondents' exhaustion argument also lacks merits. In the Tenth Circuit, "[t]he exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). There is a narrow exception if the Petitioner "can demonstrate that exhaustion is futile." *Id.* Courts have made exceptions to the exhaustion requirement where a petitioner's ultimate challenge is constitutional and not dependent on a predicate statutory argument. *See Vicente Elias v. Mukasey*, 532 F.3d 1086, 1094 (10th Cir. 2008); *Gonzalez v. O'Connell*, 355 F.3d 1010, 1017 (7th Cir. 2004); *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994). Here, Petitioner raises constitutional challenges that the BIA lacks authority to review. Thus, the Court examines the merits of the Petition. *See Ayyad*, 2026 WL 2906501, at *2.

II. <u>The Government's Detention of Petitioner Violates His Fifth Amendment Rights.</u>

The Court finds that Petitioner's continued detention violates his Fifth Amendment rights. The United States' power to admit or exclude aliens is no longer plenary once an alien enters the country, because the Due Process Clause applies to "all persons." *See Landon v. Plasencia*, 459 U.S. 21, 32 (1982) ("Once an alien gains admission to our country and begins to develop the ties that go with permanent residence his constitutional status changes accordingly."). Petitioner possesses a protected liberty interest in remaining free from detention and Respondents have deprived him of that interest without constitutionally adequate process.

Courts analyze due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *Garcia Domingo v. Castro*, 806 F. Supp. 1246, 1251–52 (D.N.M. 2025) (citing *Ky. Dep't of*

*Corrections v. Thompson*, 490 U.S. 454, 460 (1989)). "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas*, 533 U.S. at 690. "It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). Though the Government "may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings," that "limited period" cannot be indefinite. *Demore*, 538 U.S. at 527. As the length of detention stretches on, an individual's due process interests escalate and the government's burden to justify continued detention mounts. *Id.* at 529; *Jennings*, 583 U.S. at 310–11; *Mohamed v. Sec'y Dep't of Homeland Sec.*, 376 F. Supp. 3d 950, 957 (D. Minn. 2018).

"Due process requires that, whenever the Government detains somebody, it must have a good reason for doing so. If the detention is civil and nonpunitive, like the immigration detention here, that reason must rise to the level of a 'strong special justification.'" *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1249 (10th Cir. 2026). Petitioner therefore cannot be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981).

Neither Petitioner nor Respondents identify the precise date Petitioner entered ICE custody. The record establishes, however, that he has been detained since at least February 10, 2026, when he received a custody redetermination hearing. *See* Doc. 6-1. Petitioner has therefore been detained for at least nine months. Although an immigration judge ordered his removal, that order is not yet final because his appeal remains pending before the BIA. Briefing on the appeal was completed on July 6, 2026.

Under these circumstances, Petitioner's continued detention, now exceeding nine months with no reasonably foreseeable end, is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights. *Zadvydas*, 533 U.S. at 699–701; *Rosales-Garcia v. Holland*, 322 F.3d 386, 411–13 (6th Cir. 2003); *Sanchez Lopez v. Blanche*, No. 1:26-CV-1915-MIS-SCY, 2026 WL 1960834, at *3 (D.N.M. July 7, 2026); *Dominguez v. Warden*, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); *Yang v. Warden*, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); *Pereira v. Ortiz*, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026); *Mardanpour v. Warden*, No. 2:26-CV-00550-MIS-LF, 2026 WL 963164, at *3–8 (D.N.M. Apr. 9, 2026); *Rasoli v. Mullin*, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3–4 (D.N.M. June 9, 2026); *Marquez v. Warden*, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); *Ahmadi v. De Anda-Ybarra*, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); *Harutyunyan v. Lyons*, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require." 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. *Munaf v. Geren*, 553 U.S. 674, 693 (2008); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

Here, Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Accordingly, the Court finds that immediate conditional release is the appropriate remedy. *See Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the

power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.”).

## CONCLUSION

It is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents' Motion to Dismiss for Lack of Jurisdiction (Doc. 6) is **DENIED**;
3) The Motion for Stay of Removal Pending Appeal (Doc. 8) is **DISMISSED** for lack of jurisdiction;
4) Respondents shall release Petitioner within 48 hours of this Order being entered;
5) Respondents shall facilitate Petitioner's transportation from the detention facility, and by providing all necessary identity and travel documents to return to his primary address;
6) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;
7) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures;

8) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**